LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, Nationwide FLSA Collective*
*Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

_____

LITA FILLIPO, and TIMOTHY KRAFT
*on behalf of themselves, Nationwide FLSA*
*Collective Plaintiffs and the Class*,                    Case No.:

                                    Plaintiff,

            v.

THE ANTHEM COMPANIES, INC.

                                    Defendant.

_____

    Plaintiffs LITA FILLIPO, and TIMOTHY KRAFT ("Plaintiffs"), on behalf of themselves

and others similarly situated, by and through their undersigned attorneys, hereby file this Class

and Collective Action Complaint against Defendant, THE ANTHEM COMPANIES, INC.

("Defendant" or "Anthem"), and state as follows:

## INTRODUCTION

    1.      Defendant forced employees working as salespersons to work overtime hours by

implementing minimum productivity quotas requiring overtime hours to meet.  At the same time

that Defendant induced overtime hours, Defendant misclassified these employees as outside

salespersons exempted from overtime.

2.      Plaintiff LITA FILLIPO and Plaintiff TIMOTHY KRAFT, both worked from their home offices as Salespersons for Defendant and were both required to work overtime hours to meet Defendant's productivity quotas.  Plaintiff LITA FILLIPO and Plaintiff TIMOTHY KRAFT seek to represent a class across the United States, who like them, were misclassified as exempt outside salespersons and denied overtime.  To avoid compensating employees like Plaintiff LITA FILLIPO and Plaintiff TIMOTHY KRAFT for their overtime hours, Defendant had a policy of misclassifying salespersons working from home as exempt outside salespersons in violation of federal law. *See* 29 CFR §541.502 (Stating an employer's place of business includes an employee's home office).  The improper classification of salespersons like Plaintiffs LITA FILLIPO and Plaintiff TIMOTHY KRAFT continued despite Anthem ordering outside salespersons nationwide to work solely from home for at least three months due to the Pandemic.  Further, the misclassification continued despite Pandemic initiated state and local lockdowns across the United States where Anthem knew outside salespersons could not have been engaged in 'outside sales.'  Due to these lockdowns and its own work-from-home order, Anthem was well aware of the misclassification of these employees.

3.      Plaintiff LITA FILLIPO and Plaintiff TIMOTHY KRAFT allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly misclassified as exempt outside salespersons are entitled to recover from Defendant: (1) unpaid wages including unpaid overtime compensation, due to a policy of misclassifying employees as exempt, (2) liquidated damages and (3) attorneys' fees and costs.

4.      Plaintiffs bring this wage and hour class action on behalf of themselves and all persons, who during the applicable limitations period up to and including the present (the "Class

Period"), were similarly underpaid by Defendant in violation of protections afforded under the

FLSA, and the laws of the states listed below where Defendant has employees:

1) Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*;

2) California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and relevant Industrial Welfare Commission Wage Order;

3) Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.,* and the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 *et seq.*;

4) Connecticut Wage Act Conn. Gen. Stat. §§31-58, *et seq.*;

5) Florida's Unpaid Wages Statute, Fla. Stat. 448.08 *et seq.*;

6) Georgia Minimum Wage Law, Official Code of Georgia Annotated O.C.G.A. § 34-4 *et seq.*;

7) Iowa Wage Payment Collection Law, Iowa Code §91A *et seq.*;

8) Kentucky Wage Statutes, K.Y. Rev. Stat. Ann. §§ 337.275 *et seq.*;

9) Louisiana's Wage Payment Act, Louisiana Revised Statutes §23:631 *et seq.*;

10) Maine Employment Practices Act, 26 Me. Rev. Stat. §§ 621-A, 626, 626-A, & 629, and the Maine Minimum Wage and Overtime Law, 26 Me. Rev. Stat. §§ 664 & 670;

11) Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment Collection Law, Lab. & Empl. § 3-501 *et seq.*;

12) Minnesota Fair Labor Standards Act, Minn. Stat. § 177.25, and the Minnesota Payment of Wages Act, Minn. Stat. § 181.101 *et seq.*;

13) Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500 *et seq.*;

14) Nebraska's Wage and Hour Act, Neb. Rev. Stat. § 48-1201 *et seq*., and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. § 48-1228 *et seq.*;

15) Nevada Minimum Wage Amendment of the Nevada Constitution, Nev. Const. art. 15, § 16, and the Nev. Rev. Stat. Chapt. 60,

16) New Hampshire Minimum Wage Law, N.H. Rev. Stat. § 279:1 *et seq.*;

17) New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.*; and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*;

18) North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1, *et seq.*;

19) South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*;

20) Texas Minimum Wage Act, Texas Labor Code § 62.001 *et seq.*;

21) Virginia Minimum Wage Act, VA Code § 40.1 *et seq.*;

22) Washington Minimum Wage Act, R.C.W. 49.46.005, *et seq.*; and Washington Minimum Wage Rules, WAC 296-126 *et seq.*;

23) West Virginia Minimum Wage and Maximum Hours Act, W. Va. Code §25-5C-1, *et seq.*; and

24) Wisconsin Hours of Work and Overtime Rules, Wis. Admin. Code, §§ DWD 272.01 et seq. and 274.01 *et seq.*

## JURISDICTION AND VENUE

5.     Defendant is subject to personal jurisdiction in this judicial district.

6.     This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

8.     This Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.     Plaintiff LITA FILLIPO is a resident of Porter County, Indiana.

10.     Plaintiff TIMOTHY KRAFT is a resident of Cook County, Illinois.

11.     Defendant THE ANTHEM COMPANIES, INC. is a business corporation operating nationwide and organized under the laws of Indiana. Its principal executive office is located at 120 Monument Circle, Indianapolis, IN, 46204.

12.     Defendant operates a healthcare enterprise that provides programs and services to uninsured and underinsured individuals. As of December 31, 2021, Anthem provides such services in at least the following States: Arkansas, California, Colorado, Connecticut, Florida, Georgia, Indiana, Iowa, Kentucky, Louisiana, Maine, Maryland, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Carolina, Puerto Rico, South Carolina, Tennessee, Texas, Virginia, Washington, West Virginia and Wisconsin (collectively the "States").

13. The Anthem services across states share common central management, Human Resources team, central payroll, and central marketing team.

a) The departments within each State location are engaged in the same business of providing insurance sales services.

b) All operations of Anthem in States nationwide share the same trade name "Anthem" with the same logo and are marketed jointly on one (1) common website: (https://anthem.com/). *See* **Exhibit A**.

c) Defendant THE ANTHEM COMPANIES, INC. holds itself out as the employer to Plaintiff, Nationwide FLSA Collective Plaintiffs, and Class Members.

d) Plaintiff, Nationwide FLSA Collective Plaintiffs, and Class Members are commonly owned and operated by THE ANTHEM COMPANIES, INC. *See* **Exhibit B.**

e) All operations of Anthem in States nationwide share the common "Individual & Family" Webpage, "Medicare" Webpage, "Medicaid" Webpage, "For Employers" Webpage, "For Producers" Webpage, "For Providers" Webpage, corporate office address, contacts, and a 1-800 number. *See* **Exhibit A**.

f) Job openings of Anthem in multiple states were posted on the same Webpage for prospective employees to apply. *See* **Exhibit C** for the "Careers" Webpage**.**

g) All operations of Anthem in States nationwide share common social media accounts, including: Facebook, located at https://www.facebook.com/AnthemBlueCrossBlueShield/; and Twitter, located at https://twitter.com/antheminc?lang=en. *See* **Exhibit D.**

h) All Employees of Defendant share common wage policies, many of which were found in a common handbook, which addressed both general wage policies with specifics relating to individual state laws. All employees are subject to Anthem's overtime policy set at the national level wherein employees are warned that unscheduled and/or unauthorized overtime may be subject to corrective actions such as termination.

i) Employee policies, such as quotas, were all set by central management at a national level.  Policies, such quotas, were then enforced by regional managers.

14.     At all relevant times, the Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the state laws within each state it employs workers, and the regulations thereunder.

15.     At all relevant times, the work performed by Plaintiff, Nationwide FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendant.

## NATIONWIDE FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs LITA FILLIPO and TIMOTHY KRAFT bring claims for relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all non-managerial employees classified by Defendant as exempt outside salespersons, (including but not limited to all non-managerial, Membership Enrollers, Sales Representatives, and Field Sales Representatives, throughout the States) employed by Defendant since March 1, 2020 ("Nationwide FLSA Collective Plaintiffs").

17.     At all relevant times, Plaintiff LITA FILLIPO, Plaintiff TIMOTHY KRAFT Nationwide FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek and improperly classifying non-exempt employees as exempt.   Specifically, Defendant's misclassified Nationwide FLSA Collective Plaintiffs as exempt outside salespersons despite these employees working almost exclusively from their home-offices. The claims of Plaintiffs LITA FILLIPO and Plaintiff TIMOTHY KRAFT stated herein are essentially the same as those of Nationwide FLSA Collective Plaintiffs.

18.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). The Nationwide FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## RULE 23 CLASS ALLEGATIONS

19.     Plaintiff LITA FILLIPO and Plaintiff TIMOTHY KRAFT bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-managerial employees classified by Defendant as exempt outside salespersons, (including but not limited to all non-managerial, Customer Service Representatives, Membership Enrollers, Sales Representatives, and Field Sales Representatives, throughout the States)  employed by Defendant since March 1, 2020 (the "Class").

20.     To the extent necessary, Plaintiffs will designate subclasses as to each proposed Class for the States where Defendant has employees.

21.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

22.     The proposed Classes are so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of

that number are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members within each of the proposed Classes. The members of potential subclass employees total over forty (40) in each of the States.

23.     Plaintiff LITA FILLIPO and Plaintiff TIMOTHY KRAFT's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of inducing overtime work, but failing to pay overtime compensation, failing to provide proper wage statements, failing to provide proper wage and hour notices, and failing to provide all commission payments after the termination of an employee's employment. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.  As noted above, Defendant's classified the Class members as exempt outside salespersons despite these employees working almost exclusively from their home-offices.

24.     Plaintiffs are able to fairly and adequately protect the interests of each of the proposed Classes and have no interests antagonistic to either of the proposed Classes. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendant and other employers throughout the United States violate state labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common, which predominate over any questions affecting only individual members of Class, including:

(a)     Whether Defendant employed Plaintiffs  and Class members within the meaning of each state's labor laws;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiffs and Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiffs and Class members for their work;

(d)     Whether Defendant properly notified Plaintiffs and Class members of their pay rates;

(e)     Whether Defendant paid Plaintiffs and Class members the proper overtime compensation;

(f)     Whether Defendant misclassified Plaintiffs and Class members as exempt from overtime;

(g)     Whether Plaintiffs and Class members were required to work exclusively from home during their employment;

(h)     Whether Defendant provided proper wage statements to Plaintiffs, and Class members; and

(i)     Whether Defendant provided proper wage and hour notices to Plaintiffs, and Class members.

## **STATEMENT OF FACTS**

*Plaintiff LITA FILLIPO Claims*

28.    On August 9, 2021, Defendant hired Plaintiff LITA FILLIPO to work as a sales employee for Defendant's Indianapolis region. While employed by Defendant, Plaintiff worked almost exclusively from her home in Porter, Indiana.  Plaintiff LITA FILLIPO's employment with Defendant ended on or around November 16, 2021.

29.    In her position, Plaintiff LITA FILLIPO sold Defendant's private insurance plans and Defendant's private Medicare/Medicaid plans.  Defendant's private Medicare/Medicaid plans provide all the same benefits covered by Medicare/Medicaid, like doctor and hospital services, but these plans will also typically offer extra benefits not covered by Medicare/Medicaid, like eyeglasses, hearing aids or health club memberships.  In addition, to the monthly premium Defendant would earn from each new member enrolled by Plaintiff LITA FILLIPO and her co-workers, Defendant would also receive a subsidy from the United States Government for each enrolled member.  In 2009, the subsidy for private Medicare plans averaged $9,900 per person per year.

30.    Due to the incredible monetary benefits received through the enrollment of new members, Defendant has at all times instituted quotas for the number of customers each sales representative must enroll.  Due to company pressure to produce and because it was not possible to meet required quotas during their regular scheduled hours, Plaintiff LITA FILLIPO and similarly situated employees had no choice but to engage in work activities after their scheduled hours.  Plaintiff LITA FILLIPO engaged with clients on the phone after hours, including on weekends. Although Plaintiff LITA FILLIPO was working overtime, Defendant never paid Plaintiff LITA FILLIPO overtime.

31.    For Plaintiff LITA FILLIPO to meet her production quotas, she needed to sign up at least (12) additional members per month, and during 'open enrollment,' the period between

October and December of each year, Plaintiff was required to enroll forty-five (45) members a month.  The progress of meeting these quotas was reviewed every three months. To meet these quotas, Plaintiff LITA FILLIPO typically worked 70 hours per week, with approximately 30 hours overtime per week.  Class Members would also work similar unpaid overtime hours.  Plaintiff LITA FILLIPO and other employees would spend almost all of their working hours working from home and would occasionally work from Defendant's office.

32.     Despite working excessive overtime, Plaintiff LITA FILLIPO was compensated at a bi-weekly fixed rate of $1,413, regardless of overtime hours worked.  Defendant and Plaintiff LITA FILLIPO never had an agreement that her bi-weekly compensation was intended to compensate Plaintiff LITA FILLIPO for all of her overtime hours.  Instead, by misclassifying Plaintiff as an outdoor salesperson, Defendant wrongfully deprived Plaintiff LITA FILLIPO of considerable owed overtime compensation.

33.     Defendant improperly classified Plaintiff LITA FILLIPO and other sales employees as exempt outside salespersons despite the majority of these employees' sales activities occurring from a fixed site (their home office), which was not the customer's address.  Plaintiff LITA FILLIPO and other similarly situated employees, when not working from Defendant's offices, engaged in the making of sales from their home offices using modern technology such as phone-calls, emails, and videoconferencing.  Plaintiff LITA FILLIPO and other similarly situated employees were misclassified as, in accordance with the FLSA and state law an employer's place of business includes an employee's home office.  *See* 29 CFR §541.502.  There was absolutely zero need to meet with clients face to face in outside meetings and, in fact, if any Class member were to try such face-to-face meetings: (1) they would never meet their sales quotas due to the

inefficiency, and (2) prospective clients would reject them as almost nobody wanted to engage in such meetings, even before the Pandemic.

34.      This failure to pay overtime through a scheme to misclassify employees was clearly a willful act on the part of Defendant, as Defendant continued to label employees as outside salespersons throughout periods of high outbreak of the COVID virus.  Defendant is fully aware that employees are and were not engaging in sales at customers places of business and that salespersons conduct all, or nearly all, sales without ever entering a customer's address.

35.      Anthem knows that the work engaged by Class members is being conducted from home offices as they advertise for Plaintiff LIA FILLIPO's position as a "Work from Home Opportunity."

36.      Defendant induced excessive overtime hours by creating extreme quotas requiring overtime to meet, but failed to pay overtime due to a policy of misclassifying employees.  Plaintiff LITA FILLIPO, Nationwide FLSA Collective Plaintiffs, and Class members worked overtime, but did not receive overtime compensation due to Defendant's misclassification as exempt.

37.      Moreover, Plaintiff LITA FILLIPO is still owed $5,000 in commissions from Defendant.  Nationwide FLSA Collective Plaintiffs and Class members similarly were not paid the balance of their commissions upon termination.

*Plaintiff TIMOTHY KRAFT Claims*

38.      In or around September of 2018, Defendant hired Plaintiff TIMOTHY KRAFT to work as a sales employee for Anthem's Indianapolis region. Plaintiff TIMOTHY KRAFT's employment with Defendant ended in or around August of 2021.

39.      In his position, Plaintiff TIMOTHY KRAFT sold Defendant's private insurance plans and Defendant's private Medicare/Medicaid plans.  Defendant's private Medicare/Medicaid

plans provide all the same benefits covered by Medicare/Medicaid, like doctor and hospital services, but these plans will also typically offer extra benefits not covered by Medicare/Medicaid, like eyeglasses, hearing aids or health club memberships.  In addition, to the monthly premium Defendant would earn from each new member enrolled by Plaintiff TIMOTHY KRAFT and his co-workers, Defendant would also receive a subsidy from the United States Government for each enrolled member.  In 2009, the subsidy for private Medicare plans averaged $9,900 per person per year.

40.     Due to the incredible monetary benefits received through the enrollment of new members, Defendant has at all times instituted quotas for the number of customers each sales representative must enroll.  Due to company pressure to produce and because it was not possible to meet required quotas during their regular scheduled hours, Plaintiff TIMOTHY KRAFT and similarly situated employees had no choice but to engage in work activities after their scheduled hours.  Plaintiff TIMOTHY KRAFT engaged with clients on the phone after hours, including on weekends. Although Plaintiff TIMOTHY KRAFT was working overtime, Defendant never paid Plaintiff TIMOTHY KRAFT overtime.

41.     For Plaintiff TIMOTHY KRAFT to meet his production quotas, he needed to work 70 hours per week, with approximately 30 hours overtime per week.  Class Members would also work similar unpaid overtime hours.

42.     Despite working excessive overtime, Plaintiff TIMOTHY KRAFT was compensated at a bi-weekly fixed rate of approximately $1,900.00 every two weeks, regardless of overtime hours worked.  Defendant and Plaintiff TIMOTHY KRAFT never had an agreement that his bi-weekly compensation was intended to compensate Plaintiff LITA FILLIPO for all of his overtime hours.   Instead, by misclassifying Plaintiff TIMOTHY KRAFT as an outdoor

salesperson, Defendant wrongfully deprived Plaintiff TIMOTHY KRAFT of considerable owed overtime compensation.

43.     Defendant began misclassifying Plaintiff TIMOTHY KRAFT, and other sales employees as exempt outside salespersons as of March of 2020.  On or around March 1, 2020, Anthem emailed Plaintiff TIMOTHY KRAFT and all Class members, ordering these employees to conduct all further work from their home-offices.  In addition to Anthem's directive, State and local governments instituted lockdown orders, forcing employees classified as outside salespersons to conduct all work from their home offices.  During this time, it cannot be disputed that these employees' sales activities occurred from a fixed site (their home office), which was not the customer's address.  During Anthem's directive and government enacted lockdowns, Plaintiff TIMOTHY KRAFT and Class members, when not working from Defendant's offices, engaged in the making of sales from their home offices using modern technology such as phone-calls, emails, and videoconferencing.  Plaintiff TIMOTHY KRAFT and other similarly situated employees were misclassified.  In accordance with the FLSA and state law an employer's place of business includes an employee's home office.  *See* 29 CFR §541.502.

44.     After Anthem's directive and even after government lockdowns expired, customers, facilities, and business would refuse to engage in face-to-face meetings.  As clients did not want to engage in face-to-face meetings, Plaintiff TIMOTHY KRAFT and Class members continued to make sales from home-offices using modern technology such as phone-calls, emails, and videoconferencing.

45.     Anthem knows that the work engaged by Class members is being conducted from home offices as they advertise for Plaintiff TIMOTHY KRAFT's position as a "Work from Home Opportunity." *See* **Exhibit E**, Job Postings for Field Sales Employees.

46.     Further, this failure to pay overtime through a scheme to misclassify employees was clearly a willful act on the part of Defendant, as Defendant continued to label employees as outside salespersons throughout periods of high outbreak of the COVID virus.  Defendant is fully aware that employees are and were not engaging in sales at customers places of business and that salespersons conduct all, or nearly all, sales without ever entering a customer's address. Defendant's wrongful misclassification is ongoing.

47.     Defendant induced excessive overtime hours by creating extreme quotas requiring overtime to meet, but failed to pay overtime due to a policy of misclassifying employees.  Plaintiff LITA FILLIPO, Plaintiff TIMOTHY KRAFT, Nationwide FLSA Collective Plaintiffs, and Class members worked overtime, but did not receive overtime compensation due to Defendant's misclassification as exempt.

48.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, Nationwide FLSA Collective Plaintiffs and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFF AND NATIONWIDE FLSA COLLECTIVE PLAINTIFFS

49.     Plaintiffs reallege and reaver by reference all allegations in the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

50.     At all relevant times, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and Nationwide FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendant employed Plaintiffs and Nationwide FLSA Collective Plaintiffs within the meaning of the FLSA.

52.     At all relevant times, Defendant had gross annual revenues in excess of $500,000.

53.     At all relevant times, Defendant had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

54.     Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and Nationwide FLSA Collective Plaintiffs at the statutory overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

55.     Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its improperly classifying Plaintiff LITA FILLIPO, Plaintiff TIMOTHY KRAFT, and Nationwide FLSA Collective Plaintiffs as exempt.

56.     Defendant failed to properly disclose or apprise Plaintiffs and Nationwide FLSA Collective Plaintiffs of their rights under the FLSA.

57.     As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and Nationwide FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

58.     Due to the intentional, willful and unlawful acts of Defendant, Plaintiffs and Nationwide FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

59.     Records, if any, concerning the number of hours worked by Plaintiffs and Nationwide FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and Nationwide FLSA Collective Plaintiffs are in the possession and custody of Defendant. Plaintiffs intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60.     Plaintiffs and Nationwide FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT III

## VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS

61.     Plaintiffs reallege and reaver by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

62.     At all relevant times, Plaintiffs and Class Members were employed by Defendant within the meaning of the applicable state wage and hour laws.

63.     Defendant knowingly and willfully violated Plaintiffs and Class Members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due a policy of misclassifying employees.

64.     Defendant knowingly and willfully failed to provide proper wage statements and notices to Plaintiff and Class Members, as required under the applicable state wage and hour laws.

65.     Due to Defendant's state law violations, Plaintiffs and Class Members are entitled to recover from Defendant their unpaid overtime compensation, damages for unreasonably delayed

payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, Nationwide FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state laws;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation and unpaid commissions due under the FLSA and the applicable state laws;

d. An award of statutory penalties as a result of Defendant's failure to comply with the wage notice and wage statement requirements under the applicable state laws;

e. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation, pursuant to the FLSA and/or and the applicable state laws;

f. An award of back-pay and statutory penalties as a result of Defendant's willful failure to compensate all owed commission payments upon termination;

g. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h.    Designation of Plaintiff LITA FILLIPO and TIMOTHY KRAFT as Representative of the Nationwide FLSA Collective Plaintiffs and Class;

i.    Designation of this action as a class action pursuant to F.R.C.P. 23;

j.    Designation of Plaintiffs as Representative of the Class and any respective subclasses; and

k.    Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 11, 2022                    Respectfully submitted,

                                         By:      *s/ C.K. Lee*
                                               C.K. Lee, Esq.

                                               LEE LITIGATION GROUP, PLLC
                                               C.K. Lee (CL 4086)
                                               148 West 24th Street, Eighth Floor
                                               New York, NY 10011
                                               Tel.: 212-465-1188
                                               Fax: 212-465-1181
                                               *Attorneys for Plaintiffs, Nationwide FLSA*
                                             *Collective Plaintiffs and the Class*