UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LITA FILLIPO and TIMOTHY KRAFT, *on behalf of themselves, nationwide FLSA collective plaintiffs, and the Class*, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:22-cv-00926-JRS-MPB |
| | ) |
| THE ANTHEM COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

**Order on Motion to Dismiss**

## I.   Introduction

This is a wage-and-hour dispute.  Plaintiffs were salespeople working for Anthem during the COVID pandemic.  They were classified as "outside salespersons," who are exempt from the overtime pay requirements of the Fair Labor Standards Act. Plaintiffs argue that they did not qualify as "outside salespersons" because they worked from home during the pandemic, and work done from a home office does not count as outside sales.  Plaintiffs bring a putative collective action under the FLSA, and a putative class action under various state wage laws, seeking to recover overtime pay for themselves and others similarly situated.

Now before the Court is Anthem's Motion to Dismiss. (ECF No. 23.)

## II.   Legal Standard

"A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing

reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (citing *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)).

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the defendant must ultimately be *liable*, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). That applies "without regard to whether [the claim] is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* But "[a] complaint need not identify legal theories, and specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011).

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.   Discussion

Plaintiffs divide their amended complaint into two counts: "Count I" asserts the FLSA theory and "Count III" asserts the state-law theory. (There is no "Count II.") Anthem's motion to dismiss is directed at Count III only. Anthem argues "Count III should be dismissed because: (1) Plaintiffs lack standing to pursue an action in states where they didn't work; (2) they fail to plausibly plead a prima facie case under the 22 state laws cited; and (3) their proposed class does not generate common legal or factual questions." (Pl.'s Br. Supp. M. Dismiss 2, ECF No. 24.)

### A.   Standing

Anthem first argues that "Plaintiffs lack standing to pursue an action in states where they didn't work." (Pl.'s Br. Supp. M. Dismiss 2, ECF No. 24.)

"Plaintiffs have standing if they have been injured, the defendants caused that injury, and the injury can be redressed by a judicial decision." *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102–04 (1998)). Here, Plaintiffs have standing: they allege that Anthem did not pay them overtime to which they were entitled; they seek the

Court's judgment awarding them monetary damages.  (Pls.' Amd. Compl. 1, ECF No. 15.)  That is a classic adversarial case.  Anthem does not dispute Plaintiffs' standing to bring the *case*.  Instead, Anthem argues that Plaintiffs lack standing to bring their state law *theories*.

That argument fails.  "When deciding questions of standing, courts must look at the case as a whole, rather than picking apart its various components to separate the claims for which the plaintiff will be entitled to relief from those for which he will not."  *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008).  Although as this Court and others have observed in the past, "'cause of action' and 'standing' [as] distinct concepts can be difficult to keep separate," ultimately "the question whether a plaintiff states a claim for relief 'goes to the merits' in the typical case, not the justiciability of a dispute."  *Bond v. United States*, 564 U.S. 211, 218–19 (2011); *Arreola*, 546 F.3d at 795 ("If the court becomes too enmeshed in the plaintiff's entitlement to relief, it will stray beyond the standing inquiry into the merits.").

Here, then, it does not matter for jurisdictional purposes whether Plaintiffs can recover on their state law theories.  *Morrison*, 649 F.3d at 536 (citing *Bell v. Hood*, 327 U.S. 678 (1946)) ("That a plaintiff's claim under his preferred legal theory fails has nothing to do with subject-matter jurisdiction.").  As Anthem admits, Plaintiffs have a live FLSA claim; the rest can be extraneous or not; Plaintiffs have a case.  *Cf. Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[The Seventh Circuit] ha[s] stated repeatedly (and frequently) that a complaint need not plead legal theories.").  The Court thus agrees with other in-circuit district courts to have

considered the question. *Rawson v. ALDI, Inc.*, No. 21-CV-2811, 2022 WL 1556395, at *5 (N.D. Ill. May 17, 2022) (collecting cases and concluding "[t]he prevailing view, particularly recently, is that the issue is best framed through the class-certification lens, not standing"); *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1000 (N.D. Ill. 2017) (collecting cases).

### B. Pleading

Anthem next argues that Plaintiffs "fail to plausibly plead a prima facie case under the 22 state laws cited." (Pl.'s Br. Supp. M. Dismiss 2, ECF No. 24.) As was perhaps foreshadowed by the Court's discussion of standing, this argument, too, fails.

First, federal notice pleading rejects the old "theory of the pleadings" standard; Plaintiffs need not plead a "prima facie case" to survive a Rule 12(b)(6) motion to dismiss. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing § 1219 Statement of the Claim—Theory of the Pleadings Doctrine, 5 Wright & Miller Fed. Prac. & Proc. Civ. § 1219).

Second, a Rule 12(b)(6) motion only tests whether the complaint "includes factual allegations that state a plausible claim for relief." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) (quoting *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015)). Rule 12(b)(6) does not allow for "piecemeal dismissal of parts of claims." *Id.* (quoting *BBL, Inc.*, 809 F.3d at 325). And because "[o]ne set of facts producing one injury creates one claim for relief," "[d]ifferent legal theories . . . do not multiply the number of claims for relief." *N.A.A.C.P. v. Am. Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). So as long as the facts as alleged allow recovery on at least one

legal theory, the claim survives.  *Bilek*, 8 F.4th at 589.  The presence of extraneous legal theories does not matter.  *Id.*; *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 727 (7th Cir. 1986) ("[A] complaint cannot be dismissed merely because one of the theories on which it proceeds, and the facts alleged in support of that theory, do not make out a claim for relief.").

Here, Plaintiffs' claim is that Anthem misclassified its salespeople as exempt "outside salespersons" and so failed to pay them overtime wages.  Anthem, by directing its motion to dismiss at Count III only, implicitly admits that those facts amount to a plausible claim to relief under the FLSA.  The Court need not consider, on a 12(b)(6) motion, whether those facts also amount to a plausible claim under various state laws.

### C.  Class Certification

Finally, Anthem argues that Plaintiffs' "proposed class does not generate common legal or factual questions."  (Pl.'s Br. Supp. M. Dismiss 2, ECF No. 24.)

Those are arguments that go to the Rule 23 sufficiency of a proposed class—but no motion for Rule 23 class certification is before the Court.  (The parties are currently briefing a motion for FLSA conditional collective certification under 29 U.S.C. § 216(b).)  The Court will not consider Rule 23 arguments here.

## IV.   Conclusion

Plaintiffs have standing to bring this case, notwithstanding their potential inability to recover under their state law theories.  Similarly, Plaintiffs have sufficiently alleged a plausible claim for relief under the FLSA, and the viability of

alternate state law theories is no grounds for Rule 12(b)(6) dismissal.   Class certification arguments are not properly before the Court.

Anthem's Motion to Dismiss, (ECF No. 23), is **denied.**

The stay of discovery related to Count III is **lifted.**   (*See* Order 9, ECF No. 43.) Should Anthem wish to stay class-based discovery pending a motion for class certification, it should file a separate motion.

**SO ORDERED.**

Date: 11/21/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.

7