UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LITA FILLIPO, ) | |
| TIMOTHY KRAFT on behalf of themselves, ) | |
| Nationwide FLSA Collective Plaintiffs and ) | |
| the Class, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-00926-JRS-MPB |
| ) | |
| THE ANTHEM COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

**Order on Motion for Collective Certification**

### I.   Introduction

This is a wage-and-hour dispute.  Plaintiffs were salespeople working for Anthem during and after the COVID lockdowns in the spring of 2020.  They were classified as "outside salespersons," who are exempt from the overtime pay requirements of the Fair Labor Standards Act.  Plaintiffs argue that they did not qualify as "outside salespersons" because they worked from home, and work done from a home office does not count as outside sales.  Plaintiffs bring a putative collective action under the FLSA, and a putative class action under various state wage laws, seeking to recover overtime pay for themselves and others similarly situated.

Now before the Court is Plaintiffs' Motion for Conditional Collective Certification. (ECF No. 34).

## II.   Discussion

### A.  Proposed Definition

The FLSA authorizes collective actions: a plaintiff may assert claims on behalf of herself and others "similarly situated." 29 U.S.C. § 216(b). Plaintiffs' motion is styled a motion for "conditional" collective certification because many courts use a two-step certification process in which the first step is merely preliminary. *In re New Albertsons, Inc.*, No. 21-2577, 2021 WL 4028428, at *1 (7th Cir. Sept. 1, 2021) (describing two-step collective certification). But the two-step process is not in the statute, 29 U.S.C. § 216(b), and the Seventh Circuit does not require it, *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 n.5 (7th Cir. 2020). Instead, this Court is entrusted with "wide discretion to manage collective actions." *New Albertsons*, 2021 WL 4028428 at *2 (quoting *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010)). It is the Plaintiffs' burden to show that collective action is proper. *Hayes v. Thor Motor Coach, Inc.*, 502 F. Supp. 3d 1342, 1345 (N.D. Ind. 2020) (discussing FLSA collective actions); *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 377 (7th Cir. 2015) (discussing Rule 23 class certification).

Plaintiffs advance the following proposed definition for their collective:

> [A]ll non-managerial employees classified by Defendant as exempt outside salespersons, regardless of job-title, employed by Defendant in any state on or after the date, March 1, 2020 (together, the "Covered Employees").

(Pls.' Proposed Order, ECF No. 34-1.)[1] Such a definition, the Court observes, lacks both a time limit—someone hired yesterday would be included—and a geographic limit—Alaskans and Floridians would alike be included. Plaintiffs provide no estimate of the number of potential collective members. The Court must determine whether such a collective is "similarly situated."

B. Similarly Situated

To determine whether the proposed collective is "similarly situated," the Court may apply the law of Rule 23 class certification. *Herrington v. Waterstone Mortg. Corp.*, 907 F.3d 502, 507 n.4 (7th Cir. 2018) (noting that despite differences between FLSA collective actions and Rule 23 class actions, cross-application of legal standards is acceptable in this, the Seventh Circuit); *Weil v. Metal Techs., Inc.*, 925 F.3d 352, 355 n.1 (7th Cir. 2019) (likewise); *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) (collecting cases of cross-application) ("[T]here isn't a good reason to have different standards for the certification of the two different types of action, and the case law has largely merged the standards . . . . Simplification is desirable in law.").

The members of a proposed collective, then, to be similarly situated must at least "'have suffered the same injury' at the hands of the same defendant." *McCaster v. Darden Restaurants, Inc.*, 845 F.3d 794, 800–01 (7th Cir. 2017) (quoting *Wal–Mart*

---

[1] This latest definition differs slightly from the initial one, which was "all non-managerial employees classified by Defendant as exempt outside salespersons, (including but not limited to all non-managerial, Customer Service Representatives, Membership Enrollers, Sales Representatives, and Field Sales Representatives, throughout the States) employed by Defendant since March 1, 2020." (Amd. Compl. ¶ 19, ECF No. 15.)

*Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011)). Plaintiffs' theory of the case is that their collective is alike in having been misclassified as exempt outside salespeople when, during the COVID lockdowns, they in fact worked from home. (Pls.' Reply 4, ECF No. 52.) Plaintiffs cannot of course straight out define the collective as those "*misclassified* by Defendant as exempt outside salespersons," because that would create an impermissible fail-safe class. *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015). But because they cannot, they face the obvious problem that some of their proposed collective members were *not* misclassified, and so do not share the "same injury" as the rest. Even assuming, for example, that all outside salespeople were misclassified during the COVID lockdowns, anyone who began working for Anthem after COVID lockdowns had lifted would not have suffered misclassification as alleged. The proposed collective definition includes those latecomers. Likewise, the proposed collective definition includes outside salespersons in Wyoming, where, according to the Plaintiffs' allegations, there were no COVID lockdowns. (Pls.' Br. Supp. M. Certify 21, ECF No. 35.) Those employees, too, would not have suffered the alleged misclassification. Because the proposed collective includes members who were not misclassified as alleged, there is no common injury, and the proposed collective is not "similarly situated" as defined. That disposes of the present motion for collective certification.

Plaintiffs might try to amend their definition to remedy the overbreadth problem[2] and propose a new collective definition limited to those employed by Anthem in

---

[2] The Court thinks Plaintiffs ought to have limited their claims at the outset, given the obvious problems with the proposed definition, counsel's experience in these cases, and the

Indiana during its lockdown period (March 24–May 1, 2020, according to Plaintiffs' allegations) and classified as outside salespeople. (Pls.' Br. Supp. M. Certify 21, ECF No. 35.) That introduces new problems. "[A] class representative must be part of the class," *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982), but named Plaintiff Fillipo was not employed by Anthem until August 9, 2021, well after the relevant period. (Pls.' Amd. Compl. ¶ 28, ECF No. 15.) At a minimum, then, new collective action allegations would have to proceed without Fillipo. And the other named Plaintiff, Kraft, might also be unsuitable: he claims his overtime hours were necessary to meet his sales quotas, (Kraft Decl. ¶ 8, ECF No. 37), but Anthem claims that his sales quotas were suspended from March through May of 2020, (Terrell Decl. ¶ 10, ECF No. 45-2). If Kraft's sales quotas were suspended, his overtime might not count as time for which Anthem "employ[ed]" him, as required to trigger the overtime pay provision of 29 U.S.C. § 207(a)(1). And if Kraft has no viable claim for overtime pay, he cannot bring a collective action to recover it for others. *Gen. Tel. Co.*, 457 U.S. at 156; *Wal–Mart*, 564 U.S. at 349–50. But the Court need go no further now—it is for Plaintiffs, not the Court, to devise a proper collective definition should they wish to proceed collectively.

---

warnings previously given them by other courts in similar context. *Caicedo v. Anthem Companies, Inc.*, No. 21-CV-5642 (VEC), 2022 WL 4547443, at *6 (S.D.N.Y. Sept. 29, 2022) ("The Court previously warned Plaintiff's counsel, who is an experienced FLSA litigator, that he would have 'one shot' to define the proposed collective . . . . Counsel ignored those warnings and then did a poor job of marshalling the evidence that might have supported certification of a narrower collective.").

### III. Conclusion

Plaintiffs' proposed definition of their collective is overbroad. They have not—indeed cannot—meet their burden of showing that they are "similarly situated" with other potential collective members.

Plaintiffs' Motion for Conditional Collective Certification, (ECF No. 34), is therefore **denied.**

Without a certified collective, named Plaintiffs Fillipo and Kraft have only "individual actions." *Alvarez*, 605 F.3d at 450.

The Court will decide any further collective or class certification issues when raised by separate motion. (*See, e.g.*, Pls.' Amd. Compl. 22, ECF No. 15 (seeking class-wide relief).)

**SO ORDERED.**

Date:   12/30/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brett Christopher Bartlett
Seyfarth Shaw LLP
bbartlett@seyfarth.com

Lennon Haas
Seyfarth Shaw LLP
lhaas@seyfarth.com

Robert A Kansao
Lee Litigation Group PLLC
robert.kansao@gmail.com

C.K. Lee
Lee Litigation Group, PLLC
cklee@leelitigation.com

Alexander Simon
Seyfarth Shaw LLP
asimon@seyfarth.com

Kevin Michael Young
Seyfarth Shaw LLP - Atl/GA
kyoung@seyfarth.com